**This order was originally filed in 15-CV-00951-LHK, ECF No. 52, on 10/23/2015.**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACK LOUMENA,<br><br>        Plaintiff,<br><br>    v.<br><br>PAMELA KENNEDY, et al.,<br><br>        Defendants. | Case No. 15-CV-00951-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO RELATE CASES**<br><br>Re: Dkt. No. 45 |

Before the Court is Plaintiff Jack Loumena's ("Plaintiff") unopposed administrative motion to relate three cases to *Loumena v. Kennedy*, No. 15-CV-00915-LHK. ECF No. 45.[1] An action is related to another when "[t]he actions concern substantially the same parties, property, transaction or event" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Civil L.R. 3-12(a). After providing a brief account of the "parties, property, transaction or event" in *Loumena*, the Court will consider the three cases that Plaintiff proposes to relate.

*Loumena* arose out of the state court divorce proceedings between Plaintiff's mother,

---

[1] Unless otherwise indicated, all ECF references are from the docket of No. 15-00951 in the Northern District of California.

1

Case No. 15-CV-00951-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO RELATE CASES

Wylmina Hettinga ("Hettinga"), and father, Timothy Loumena ("Loumena"). ECF No. 47. In *Loumena*, Plaintiff alleged that six defendants acted under the color of law to deprive Plaintiff of his property at 21251 Almaden Road, San Jose, CA (the "Property") in violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights. ECF No. 1. According to Plaintiff, the six defendants illegally transferred the Property to Loumena, who then sold the Property to third parties. *Id.* Plaintiff challenged the sale of the Property and the distribution of the proceeds from the sale. *Id.* The defendants included: (1) Walter Hammon ("Hammon"), an attorney appointed by the Santa Clara County Superior Court to represent Plaintiff in the Hettinga-Loumena divorce proceedings; (2) Pamela Kennedy ("Kennedy"), Clerk of the Santa Clara County Superior Court; (3) Travis Krepelka ("Krepelka"), Loumena's attorney; (4) Scott Raley, the state-court-appointed real estate listing agent for the Property; (5) Chicago Title Co., which was involved in the sale of the Property; and (6) Jeanie O'Connor, who has some relationship with Chicago Title Co. ECF No. 47.

On October 13, 2015, this Court concluded that Plaintiff was challenging state court orders, made during the Hettinga-Loumena divorce proceedings, which directed that the Property be sold and the proceeds distributed to Loumena and Hettinga. *Id.* Accordingly, this Court dismissed Plaintiff's case for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Id.* The Court also sanctioned Plaintiff for filing a frivolous and harassing complaint and declared Plaintiff a vexatious litigant. *Id.*

Plaintiff proposes to relate three cases to *Loumena*. Plaintiff first asks the Court to relate *Hettinga v. Kennedy, et al.*, No. 13-CV-02217-RMW, in which Hettinga alleged that Loumena and Kennedy violated Hettinga's Fourth, Fifth, and Fourteenth Amendment rights in transferring the Property to Loumena, who then sold it to third parties. No. 13-02217, ECF No. 1. *Hettinga* has already been dismissed with prejudice, No. 13-02217, ECF No. 107, and is on appeal with the U.S. Court of Appeals for the Ninth Circuit, No. 13-02217, ECF No. 109. Accordingly, the Court DENIES Plaintiff's motion to relate *Hettinga* to *Loumena*.

Plaintiff next asks the Court to relate *Loumena v. Hammon et al. ("Hammon")*, No. 15-

2
Case No. 15-CV-00951-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO RELATE CASES

CV-03613-NC. In *Hammon*, Plaintiff sued Hammon and Krepelka for distributing the proceeds of the sale of the Property in violation of state court orders and Plaintiff's rights. No. 15-03613, ECF No. 1. *Hammon* and *Loumena* concern substantially the same parties and events, and it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. *See* Civil L.R. 3-12(a). The Court GRANTS the motion to relate *Hammon* to *Loumena*.

Finally, Plaintiff asks the Court to relate *Hettinga v. Paliwal*, No. 15-CV-02246-BLF. Hettinga sued Shashank Paliwal, an Internal Revenue Service ("IRS") agent, for violating the Tenth Amendment. No. 15-02246, ECF No. 1. Hettinga alleges that the IRS improperly attributed income and interest in the Property to Hettinga, when the Property truly belonged to an independent company. *Id.* Although *Paliwal* and *Loumena* involve the same property, the cases are not related within the meaning of Civil Local Rule 3-12(a). None of the parties are the same. Moreover, none of the factual or legal issues presented in *Paliwal* were the subject of *Loumena*. Accordingly, Plaintiff's motion to relate *Paliwal* is DENIED. *See* Civil L.R. 3-12(a).

In summary, the Court DENIES Plaintiff's motion to relate *Hettinga v. Kennedy, et al.*, No. 13-CV-02217-RMW, and *Hettinga v. Paliwal*, No. 15-CV-02246-BLF. The Court GRANTS Plaintiff's motion to relate *Loumena v. Hammon et al.*, No. 15-CV-03613-NC. *Hammon* shall be reassigned to the undersigned judge. All future filings are to bear the initials "LHK." Unless otherwise ordered, any dates for hearing noticed motions are vacated and must be renoticed by the moving party before the newly assigned judge; any deadlines set by the ADR Local Rules remain in effect; and any deadlines established in a case management order continue to govern, except dates for appearance in court, which will be rescheduled by the newly assigned judge. A copy of this Order shall be filed in the *Hammon* docket.

3
Case No. 15-CV-00951-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO RELATE CASES

**IT IS SO ORDERED.**

Dated: October 23, 2015

_____
LUCY H. KOH
United States District Judge