UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JACK LOUMENA,<br><br>        Plaintiff,<br><br>    v.<br><br>WALTER P HAMMON, et al.,<br><br>        Defendants. | Case No. 15-CV-03613-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 6 |

Plaintiff Jack Loumena sues Walter P. Hammon ("Hammon") and Travis I. Krepelka ("Krepelka") (collectively, "Defendants") under 42 U.S.C. § 1983 for allegedly seizing and converting Plaintiff's money in violation of the Fourth, Fifth, and Fourteenth Amendments. ECF No. 1 ("Compl."). Before the Court is Defendants' motion to dismiss. ECF No. 6. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court hereby GRANTS Defendants' motion to dismiss.

**I.     BACKGROUND**

  **A. Factual Background**

Although Plaintiff's complaint includes only ten allegations and few cognizable facts, the following can be gleaned from the judicially noticeable record.

This case arises out of the state court divorce proceedings between Plaintiff's mother, Wylmina E. Hettinga ("Hettinga"), and father, Timothy Loumena ("Loumena"). During the divorce proceedings, the California Superior Court ordered the sale of the Hettinga-Loumena family home at 21251 Almaden Road, San Jose, CA 95120 (the "Property"), which Hettinga and Loumena held as community property. *See* ECF No. 8 (Defendant's Request for Judicial Notice, or "DRJN"), Ex. A (California Superior Court January 23, 2011 Findings and Order after Hearing, or "Jan. 23, 2013 Order"). Additionally, the Superior Court ordered the proceeds of the sale to be placed in a trust account and later divided between Hettinga and Loumena. *See id.*; *see also id.* Ex. C (California Superior Court August 25, 2014 Statement of Decision, or "Aug. 25, 2014 Order"). In the instant case, Plaintiff, who is *pro se*, challenges the distribution of the proceeds of the sale. Compl. ¶¶ 5-7; ECF No. 17 (Plaintiff's Request for Judicial Notice, or "PRJN"), Ex. B (Plaintiff's Motion to Relate). Specifically, Plaintiff alleges that Defendants conspired to convert the trust funds to their own benefit in violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights. Compl. ¶¶ 5-7.

Documents from the state court divorce case reveal that the Superior Court repeatedly ordered that the Property be sold, with "[a]ll net sales proceeds [] immediately placed in a blocked, interest-bearing trust account." *See*, *e.g.*, Jan. 23, 2013 Order at 2 (citing California Superior Court March 28, 2012 Order). Additionally, the Superior Court ordered Krepelka, Loumena's attorney, to hold the trust account until further court orders disbursing the funds. *See* DRJN Ex. B (Temporary Emergency Court Orders (Form FL-305), Attachment 4) ("Net proceeds shall be paid from escrow to 'Hoover Krepelka, LLP, in trust . . . . Said proceeds shall be held in trust until there are filed Court Orders directing their final disbursement."); Aug. 25, 2014 Order at 5 (noting proceeds of the sale were deposited in a trust account to be held by Krepelka until further court order); *see also* Jan. 23, 2013 Order (Krepelka is Loumena's attorney).

On August 25, 2014, after the sale of the Property, the Superior Court ordered the trust funds to be divided between Hettinga and Loumena. Aug. 25, 2014 Order at 3, 5 ("[T]he trust funds held by counsel shall be divided as set forth . . . ."). Additionally, the Superior Court

ordered Hettinga to pay attorney's fees for Krepelka out of her portion of the trust funds, as a sanction for Hettinga's repeated attempts to frustrate the sale of the Property during the divorce proceedings. *Id.* at 20. The Superior Court did not allocate any of the trust funds to Plaintiff. *See generally id.*; *see also* DRJN Ex. D (California Superior Court October 10, 2014 Amended Orders after Hearing, or "Oct. 10, 2014 Order"), at 2-3 (confirming August 25, 2014 allocation of the proceeds of the sale).

Nevertheless, Plaintiff claims an interest in the proceeds of the sale through his company, Pacific Almaden Investments, LLC ("PAI"). Opp. at 1-2 (claiming that, as the sole member of PAI, Plaintiff is "entitled to all beneficial rights[,] title[,] and interest" PAI had in the Property). PAI "is a limited liability corporation which was originally owned, at least in part, by . . . Timothy Tibbott. Mr. Tibbott was the former live in boyfriend of [Hettinga]." Aug. 25, 2014 Order at 5. From 2010 to 2012, Hettinga attempted to transfer her interest in the Property to PAI by executing quitclaim deeds signed only by herself and not by Loumena. *Id.* at 4-6. The Superior Court found that "the transfers executed by [Hettinga] in her attempts to transfer title to the former family residence violated the Automatic Temporary Restraining Orders" under Family Code § 2040. *Id.* at 6. The transfers were also in violation of Hettinga's fiduciary duty to Loumena. *Id.* at 12. Accordingly, the Superior Court found "that the series of deeds . . . were void and of no force and effect," leaving PAI without any interest in the Property. *Id.* As a result, the Superior Court did not allocate any of the proceeds of the sale to PAI. *Id.* at 5. At some point prior to the allocation of the funds, sole ownership of PAI transferred to Plaintiff. *Id.* at 5; Opp. at 1.

The Superior Court ordered the trust funds to be distributed as soon as possible. Aug. 25, 2014 Order at 22. However, the Superior Court noted that PAI had appealed the state court's January 23, 2013 Order directing that the Property be sold and the proceeds placed in an interest-bearing trust account. *Id.* As a result, when ordering the distribution of the funds, the Superior Court noted:

> If there is no stay in effect as a result of the pending appeal or other legal action prohibiting distributions of the funds, the trust funds held by counsel for [Loumena] shall be distributed as soon as legally possible per the terms of these orders. If

3

Case No. 15-CV-03613-LHK
ORDER GRANTING MOTION TO DISMISS

> there is a stay, the trust funds in trust are not to be distributed pending the outcome of the appeal or other action prohibiting the distribution of the trust funds.

Aug. 25, 2014 Order at 22; *see also* Oct. 10, 2014 Order (similar). Although PAI's appeal apparently remains pending, the California Court of Appeal denied PAI's motion for an automatic temporary stay. *See* ECF No. 20 (Defendants' Second Request for Judicial Notice), Ex. I (California 6th Appellate District Docket for *Hettinga v. Loumena*; *Pacific Almaden Investments, LLC*, or "California Court of Appeal Docket").

At some point, Krepelka disbursed the trust funds. Compl. ¶ 6. Hammon, an attorney appointed by the state court to represent Plaintiff and Plaintiff's minor siblings during the state court divorce case, allegedly conspired with Krepelka to disburse the funds. *Id.* It is not clear from the complaint whether this disbursement complied with the Superior Court's August 25, 2014 Order. *See id.* ¶¶ 6-10. According to Plaintiff, Krepelka disbursed the funds "in the complete absence of any court orders," s*ee id.* ¶ 6, and in violation of an automatic stay ordered by the Superior Court, Opp. at 2-3.

**B. Prior Litigation Involving the Hettinga-Loumena Divorce**

The Hettinga-Loumena state divorce case has been ongoing since 2005, and has spawned numerous state and federal court cases. *See* Aug. 25, 2014 Order at 2, 8. Including the instant case, twelve cases have been filed in the U.S. District Court for the Northern District of California by Plaintiff, Plaintiff's company PAI, Hettinga, and Plaintiff's younger brother. *See M.L. v. Nichols, et al.*, 15-CV-02303-BLF; *Hettinga v. Paliwal*, No. 15-CV-02246-BLF; *Loumena v. Nichols, et al.*, No. 15-CV-01372-BLF; *Loumena v. Kennedy, et al. ("Kennedy II")*, No. 15-CV-00951-LHK; *M.L. v. Barth*, No. 14-CV-05423-LHK; *Loumena v. Kennedy ("Kennedy I")*, No. 14-CV-04165-LHK; *Pacific Almaden Invs., LLC v. Hettinga, et al. ("PAI")*, 14-CV-01631-RMW; *Hettinga v. Loumena*, No. 13-CV-02217-RMW; *Hettinga, et al. v. Loumena, et al.*, No. 10-CV-02975-JSW; *Hettinga v. Orlando, et al.*, No. 09-CV-00253-JW; *Hettinga v. Hammon, et al.*, No. 09-CV-06040-JW. Eight of these twelve cases have been the subject of a motion to dismiss, and all eight were dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

4

Case No. 15-CV-03613-LHK
ORDER GRANTING MOTION TO DISMISS

*See Kennedy II*, No. 15-CV-00951-LHK, 2015 WL 5963988, at \*15 (N.D. Cal. Oct. 13, 2015). Two of these dismissals have been summarily affirmed by the U.S. Court of Appeals for the Ninth Circuit. *See PAI*, 14-CV-01631-RMW; *Orlando*, No. 09-CV-00253-JW.

Plaintiff's repeated filings led this Court to declare Plaintiff a vexatious litigant on October 13, 2015. *See Kennedy II*, 2015 WL 5963988, at 17-18. Specifically, this Court highlighted Plaintiff's "abusive behavior" in "filing duplicative lawsuits," and sought to "preclude Plaintiff from further harassing the individuals involved in the sale" of the Property. *See id.* at 17. This Court imposed pre-filing review on Plaintiff's future filings, stating: "The Clerk may not file or accept any further documents in this case or any new complaints filed by or on behalf of Plaintiff as a named plaintiff that arise out of facts related to the sale of the Property at 21251 Almaden Road, San Jose, CA or to the distribution of the proceeds from the sale." *See id.* at 18. Plaintiff filed the instant case before this Court declared Plaintiff a vexatious litigant, and thus the instant complaint was not subject to pre-filing review.

U.S District Judge Ronald M. Whyte of the Northern District of California has also declared Hettinga a vexatious litigant. *Loumena*, No. 13-CV-02217-RMW, 2014 WL 4955187, at \*4-5 (N.D. Cal. Sept. 30, 2014), *appeal filed*, No. 14-17135 (9th Cir.). As a result, Hettinga is subject to a pre-filing review of all her future filings in the U.S. District Court for the Northern District of California. *Id.* Specifically, "[t]he Clerk of this court may not file or accept any further complaints filed by or on behalf of Wylmina Hettinga as a named plaintiff that arise out of facts related to plaintiff's divorce case." *Id.* at \*5. Additionally, the California Superior Court and the California Court of Appeal have each declared Hettinga a vexatious litigant. Aug. 25, 2014 Order at 8.

**C. Procedural History**

On August 6, 2015, Plaintiff filed the complaint. ECF No. 1. On September 20, 2015, Defendants filed the instant motion to dismiss. ECF No. 6, 7 (Memorandum in Support of Motion to Dismiss, or "Mot."). Defendants also filed a request for judicial notice. ECF No. 8. On October 15, 2015, Plaintiff opposed the motion to dismiss and filed his own request for judicial

5

Case No. 15-CV-03613-LHK
ORDER GRANTING MOTION TO DISMISS

notice. ECF Nos. 16 ("Opp."), 17. Defendant replied and filed an additional request for judicial notice on October 21, 2015. ECF Nos. 19 ("Reply"), 20.[1]

On October 23, 2015, this Court granted Plaintiff's administrative motion to relate the instant case to another case before the undersigned judge, *Kennedy II*, No. 15-00951. ECF No. 30. In *Kennedy II*, Plaintiff sued Hammon and Krepelka and four additional individuals and entities involved with the sale of the Property. *See Kennedy II*, 2015 WL 5963988, at \*5. Plaintiff alleged that the six defendants acted under the color of law and in an "agency relationship" to sell the Property, and Plaintiff challenged various aspects of the sale of the Property, the distribution of the proceeds, and the cancellation of PAI's interest in the Property. *Id.* at \*1, 9. This Court dismissed the case for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Id.* at \*11. Additionally, the Court sanctioned Plaintiff for filing a frivolous and harassing complaint and declared Plaintiff a vexatious litigant. *Id.* at \*13, 17.

## II. LEGAL STANDARD

### A. Rule 12(b)(1) Subject Matter Jurisdiction

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. "The party asserting federal subject matter jurisdiction bears the burden of proving its existence." *Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). The party carries that burden by putting forth "the

---

[1] The Court GRANTS the parties' requests for judicial notice. Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). In addition, the Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). In the instant case, both parties request judicial notice of (1) state and federal court orders in related cases, and (2) filings by the parties in related state and federal cases. ECF Nos. 8, 17, 20. Defendants additionally request judicial notice of documents maintained by the California Secretary of State and California judiciary on public websites. ECF No. 20. These are proper subjects for judicial notice. *See Black*, 482 F.3d at 1041 (proceedings in other courts); *Lee*, 250 F.3d at 688-89 (matters of public record).

1   manner and degree of evidence required" by whatever stage of the litigation the case has reached.

2   *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

### B. Rule 12(b)(6) Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### C. Leave to Amend

If the court concludes that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose

1  of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or

2  technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted).

3  Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith

4  or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

5  previously allowed, undue prejudice to the opposing party by virtue of allowance of the

6  amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d

7  522, 532 (9th Cir. 2008).

### III.   DISCUSSION

Defendants move to dismiss on three bases: (1) the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine because Plaintiff is challenging final orders of a state court; (2) Plaintiff cannot state a claim under 42 U.S.C. § 1983 because Defendants are not state actors; and (3) Plaintiff's pleading contains insufficient allegations to state a claim for relief. Because the Court concludes below that the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, the Court need not address Defendants' other arguments.

Under the *Rooker-Feldman* doctrine, a federal district court has no authority to review the final determinations of a state court in judicial proceedings. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *Feldman*, 460 U.S. at 482 n.16). The *Rooker-Feldman* doctrine precludes not only review of decisions of the state's highest court, but also those of its lower courts. *See Dubinka v. Judges of Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994). A challenge under the *Rooker-Feldman* doctrine is a challenge for lack of subject matter jurisdiction. *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998).

The *Rooker-Feldman* doctrine applies when a plaintiff in federal court alleges a "de facto

8

Case No. 15-CV-03613-LHK
ORDER GRANTING MOTION TO DISMISS

appeal" by (1) asserting errors by the state court as an injury, and (2) seeking relief from the state court judgment as a remedy. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139-40 (9th Cir. 2004). "A federal action constitutes such a de facto appeal where 'claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.'" *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)).

Twice before, this Court has dismissed Plaintiff's challenges to the distribution of the proceeds of the sale of the Property for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Kennedy II*, 2015 WL 5963988, at *4, 10 (noting district courts in the Northern District of California have also dismissed Hettinga's and PAI's challenges to the distribution of the proceeds); *Kennedy I*, No. 5:14-CV-04165-LHK, 2015 WL 906070, at *5 (N.D. Cal. Feb. 27, 2015).[2] Although Plaintiff's current theory of liability is not entirely clear from the complaint, Plaintiff appears to renew his challenge from *Kennedy I* and *Kennedy II* to the distribution of the proceeds of the sale to individuals other than Plaintiff or PAI. Additionally, Plaintiff alleges for the first time that the distribution of the proceeds violated an alleged stay issued in a related appeal by PAI before the California Court of Appeal. The Court addresses these arguments in turn.

First, to the extent that Plaintiff continues to challenge the distribution of the proceeds of the sale to individuals other than Plaintiff or PAI, this challenge remains barred by the *Rooker-Feldman* doctrine. *See Kennedy II*, 2015 WL 5963988, at *10; *Kennedy I*, 2015 WL 906070, at *5. The Superior Court expressly allocated the proceeds of the sale between Hettinga and Loumena. *See* Aug. 25, 2014 Order at 5; Oct. 10, 2014 Order at 2-3 (same). The Superior Court did *not* allocate any of the proceeds to either Plaintiff or PAI. *See* Aug. 25, 2014 Order at 5; Oct.

---

[2] Defendants' reply briefly suggests that this Court's prior orders are res judicata in the current action. Reply at 1. However, the Court does not consider issues that are raised for the first time by the parties in their reply briefs. *See Thompson v. Comm'r*, 631 F.2d 642, 649 (9th Cir. 1980).

9

Case No. 15-CV-03613-LHK
ORDER GRANTING MOTION TO DISMISS

10, 2014 Order at 2-3. In order to review whether the trust funds should have been distributed to Plaintiff or PAI, this Court would have to review the state court's August 25, 2014 and October 10, 2014 Orders directing the allocation of the funds. However, "[w]here the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined" and the action is properly dismissed under the *Rooker-Feldman* doctrine. *Doe & Assocs.*, 252 F.3d at 1030. Thus, this Court cannot review the state court's order distributing the proceeds of the sale.

Second, as to Plaintiff's complaint that Defendants distributed the proceeds of the sale in violation of a stay pending PAI's appeal of another order, the Court first observes that Plaintiff never alleged the existence of a stay in the complaint. *See generally* Compl. Moreover, both the Superior Court and the California Court of Appeal declined to issue a stay pending PAI's appeal, and the Superior Court ordered the funds to be distributed. *See* Aug. 25, 2014 Order at 22 (ordering funds to be distributed "as soon as legally possible" in the absence of a stay); Oct. 10, 2014 Order (similar); *see also* California Court of Appeal Docket (denying PAI's request for a stay). Plaintiff, citing the Superior Court's July 25, 2014 *Proposed* Statement of Decision, fails to recognize the Superior Court's actual order declining to recognize a stay. PRJN Ex. A. ("July 25, 2014 Order"). Accordingly, the Court concludes that the complaint essentially seeks to overturn the state court orders declining to issue a stay and the Superior Court's order that the proceeds "shall be distributed as soon as legally possible." Aug. 25, 2014 Order at 22. However, "[t]he *Rooker-Feldman* doctrine, generally speaking, bars a plaintiff from bringing a § 1983 suit to remedy an injury inflicted by the state court's decision." *Jensen v. Foley*, 295 F.3d 745, 747 (7th Cir. 2002); *see also Rhodes v. Gordon*, No. CV 12-2863-JGB(DTB), 2013 WL 3780378, at *10 (C.D. Cal. July 16, 2013) ("A plaintiff may not avoid the Rooker-Feldman bar by styling his attack on the state court's ruling as a civil rights action." (citing *Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995))). Therefore, the Court cannot review the state court orders declining to issue a stay and ordering the funds to be distributed.

Plaintiff responds that the *Rooker-Feldman* doctrine does not apply because "there was no

10

opportunity for Plaintiff to be heard in the California State Courts and the District Attorney's office declined to prosecute these Defendants for theft." Opp. at 4. This Court recognizes that the *Rooker-Feldman* doctrine is ordinarily applicable only to actions brought by federal plaintiffs who were parties in the previous state court action. *See Lance v. Dennis*, 546 U.S. 459, 466 & n.2 (2006) (per curiam). In *Lance*, the U.S. Supreme Court held that federal actions by nonparties to an earlier state court judgment are not barred by the *Rooker-Feldman* doctrine merely because the nonparties are in privity with a party in the previous judgment. *Id.* Accordingly, the U.S. Supreme Court ruled that Colorado citizens could bring a federal challenge to a court-ordered redistricting plan even though the citizens were in privity with the Colorado General Assembly, who had already challenged the redistricting plan in state court. *See id.* at 461-62.

However, as the Court explained in *Kennedy II* in response to a similar argument by Plaintiff, the instant case bears little relation to *Lance*. *See Kennedy II*, 2015 WL 5963988, at *10. While Plaintiff was not a named party in the state court divorce proceedings, Plaintiff was represented in those proceedings by an attorney—Defendant Hammon. Moreover, Plaintiff claims an interest in the proceeds of the sale *through his ownership of PAI. See* Opp. at 1-2. Plaintiff cannot seek to assert PAI's interest in the proceeds of the sale and yet also claim to have lacked the opportunity to participate in state court, when PAI was an active litigant in the state court action after being joined in August 2012, well before the Superior Court's January 23, 2013 Order directing that the Property be sold and the May 2013 sale of the Property. *See* Aug. 25, 2014 Order at 3, 6. For example, as noted, PAI appealed the Superior Court's January 23, 2013 Order directing that the Property be sold and the proceeds placed into a trust account. *See id.* at 22. Additionally, PAI presented evidence and argument about the allocation of the proceeds of the sale at the state court hearings that preceded the Superior Court's August 25, 2014 and October 10, 2014 Orders, both of which allocated the proceeds of the sale. *See id.* at 1, 9-10. These orders are the very orders that Plaintiff challenges in the instant case.

In sum, Plaintiff's § 1983 claim is a challenge to the final orders of a state court. Such a claim is barred by the *Rooker-Feldman* doctrine, and the Court thus GRANTS Defendants'

11
Case No. 15-CV-03613-LHK
ORDER GRANTING MOTION TO DISMISS

motions to dismiss without prejudice for lack of subject matter jurisdiction.  *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (noting that dismissal for lack of subject matter jurisdiction should be without prejudice).

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss without prejudice.  The Clerk shall close the case file.

**IT IS SO ORDERED.**

Dated:  November 16, 2015

_____
LUCY H. KOH
United States District Judge